IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREGORY HOWARD,

                Plaintiff,

v.

ANTHONY BROADBENT,

                Defendant.

OPINION and ORDER

21-cv-419-jdp

---

Plaintiff Gregory Howard, appearing pro se, is a prisoner at the Wisconsin Secure Program Facility (WSPF). Howard is proceeding on two claims: (1) defendant Anthony Broadbent, a unit manager, retaliated against Howard for filing a grievance by giving him a conduct report and firing him from his prison job; and (2) Broadbent fired Howard from his prison job because of his race.

Broadbent moves for partial summary judgment on the ground that Howard failed to exhaust his administrative remedies for the retaliation claim. Dkt. 15. Howard has not responded to Broadbent's motion, so I will accept the administrative exhaustion record defendant filed in support of his motion as undisputed. Fed. R. Civ. P. 56(e)(2). The record shows that Howard failed to exhaust his retaliation claim before filing this lawsuit, so I will grant Broadbent's motion for partial summary judgment.

BACKGROUND

The following facts are taken from plaintiff's complaint, Dkt. 1, and Broadbent's submissions in support of motion, Dkt. 15 and Dkt. 16.

Plaintiff Gregory Howard was a unit janitor at the WSPF where defendant Anthony Broadbent was the unit manager. On November 8, 2018, Howard filed a grievance based on an incident where Broadbent locked him in a janitor closet while gathering cleaning supplies when a tour of civilians came to the unit.

A couple weeks later, Broadbent issued a conduct report against Howard for stopping and loitering at another inmate's cell while working. Howard was found guilty and was disciplined with three days of room confinement and removal from his work assignment.

Howard filed a grievance in which he complained about his termination. Howard identified the issue as "Discrimination/Unequal & Unfair treatment." Dkt. 16-2, at 10. The body of the grievance included the following language:

> Mr. Broadbent has one set of rules/policies for inmates of color and inmates of the Islamic faith and another set of rules/policies for inmates who are [Caucasian] when it comes to job assignment termination. Myself and another inmate who is Muslim and of color were both terminated from our job assignment for a minor conduct, and in the words of Mr. Broadbent 'we are held to a higher standard.' However, another inmate . . . who is [Caucasian] was disciplined & found guilty of disruptive conduct & disobeying orders for a 'job related conduct report' was not terminated. Also, IN FRONT OF Mr. Broadbent, this same inmate also used disrespectful terms about CO Lieber. Every inmate on Foxtrot who got a CR was terminated, except [the Caucasian inmate].

Dkt. 16-2, at 10. The institution complaint examiner recommended dismissal, and the warden dismissed the grievance. Howard appealed, stating that his grievance was about "Mr. Broadbent only terminating the job from people of color." *Id.* at 11. The corrections complaint examiner recommended dismissal, and the office of the Secretary dismissed the grievance.

Howard filed no other grievances about being removed from his job.

ANALYSIS

The Prison Litigation Reform Act of 1995 (PLRA) requires inmates to exhaust all available administrative remedies before challenging prison conditions in federal court. 42 U.S.C. § 1997e(a). An inmate must take each step in the administrative process which includes following instructions for filing "complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*," 286 F.3d 1022, 1025 (7th Cir. 2002). The prisoner must also include in his grievance any information required by prison rules. *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002).

Failure to exhaust is an affirmative defense under the PLRA that must be proven by the defendant. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). If the defendant meets that burden, the court must dismiss the claim. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999).

Broadbent admits that Howard exhausted his discrimination claim with the grievance he filed in which he alleged that a White prisoner wasn't removed from his job after violating prison rules. But Broadbent contends that the grievance didn't say anything about retaliation, and Howard didn't file any other relevant grievances, so Howard didn't exhaust his retaliation claim.

Howard didn't respond to Broadbent's motion, and the record doesn't show any other relevant grievances. So the question is whether the grievance Howard did file is broad enough to encompass his retaliation claim.

Wisconsin's rules require a prisoner's grievance to "contain sufficient information for the department to investigate and decide the complaint." Wis. Admin. Code § DOC 310.07(6). This is similar to the default rule applied by federal courts, which requires the grievance to

3

"alert the prison to the nature of the wrong for which redress is sought." *Strong,* 297 F.3d at 650.

This court has previously concluded that a grievance doesn't need to use the word "retaliation" to give notice of a retaliation claim, but it must at least explain that the prisoner believes that the defendant took a particular adverse act against him because of particular conduct by the plaintiff. *Kalafi v. Brown*, No. 19-CV-319-SLC, 2020 WL 5411321, at *7 (W.D. Wis. Sept. 9, 2020). *See also Lockett v. Goff*, No. 17-cv-93-jdp, 2017 WL 4083594, at *2 (W.D. Wis. Sept. 13, 2017) (grievance doesn't exhaust a retaliation claim unless it identifies "the protected conduct that provoked the retaliation and the retaliatory act"); *Bradley v. Kessnich,* No. 20-CV-562-JDP, 2022 WL 1063815, at *2 (W.D. Wis. Apr. 8, 2022) (same). Without that basic information, prison officials won't have notice that the prisoner is complaining about retaliation, and they won't be able to investigate the issue.

In this case, Howard's grievance neither mentioned retaliation nor alleged that Broadbent disciplined him for filing a grievance. Rather, Howard alleged only that Broadbent was discriminating against him because of his race and religion. As a result, Howard's grievance didn't include enough information to allow the department to investigate and decide a potential retaliation claim, and the grievance didn't alert prison officials that he was complaining about retaliation. This shows that Broadbent has met his burden to show that Howard didn't exhaust his retaliation claim, so Broadbent is entitled to partial summary judgment.

ORDER

IT IS ORDERED that defendant Anthony Broadbent's motion for partial summary judgment, Dkt. 15, is GRANTED. Plaintiff Gregory Howard's retaliation claim is DISMISSED without prejudice for his failure to exhaust his administrative remedies.

Entered June 7, 2022.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge