IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GREGORY HOWARD,

                Plaintiff,

v.

ANTHONY BROADBENT,

                Defendant.

OPINION and ORDER

21-cv-419-jdp

Pro se plaintiff and prisoner Gregory Howard is proceeding on a claim that defendant Anthony Broadbent, a unit manager, fired Howard from his prison job because of his race.[1] Broadbent moves for summary judgment on the ground that he fired Howard for a nondiscriminatory reason, namely, that Howard engaged in misconduct on the job. Dkt. 22.

Howard's original deadline for responding to Broadbent's motion was October 24, 2022, but Howard has received multiple extensions since then for different reasons. On January 18, 2023, I gave Howard one last extension to February 3, 2023. Dkt. 35. I told Howard that I would decide Broadbent's motion without Howard's input if he didn't meet the deadline. *Id.* Howard still has not responded to Broadbent's motion.

When a party fails to respond to a motion for summary judgment, the court may treat the moving party's facts as undisputed, but the court must still determine whether the undisputed facts show that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(e). In this case, Broadbent is entitled to summary judgment unless the evidence submitted to the court would allow a reasonable jury to find that Broadbent fired Howard

---

[1] Howard was also allowed to proceed on a retaliation claim, but I dismissed that claim because Howard failed to exhaust his administrative remedies. Dkt. 19.

because of his race. (Howard didn't say in his complaint what his race is, but Broadbent represents that Howard is Black.)

In accordance with Rule 56(e)(2), I will accept Broadbent's proposed finding of facts as true. *See* Dkt. 24. Those facts show that no reasonable jury could find in Howard's favor, so I will grant Broadbent's motion for summary judgment.

The relevant events took place in November 2018. Howard was a "custodian/utility worker" at the Wisconsin Secure Program Facility (WSPF), and Broadbent was Howard's supervisor. On November 20, Broadbent learned that Howard had stopped at another prisoner's cell and talked to the other prisoner for 24 minutes while Howard was supposed to be working. This violated a prison work rule, which stated: "At no time will you stop at any cell and talk or loiter. If you do you will be written a conduct report and removed from your job." The rule is strict because WSPF is a maximum-security facility, so there is increased concern that prisoners will pass or receive contraband while loitering with another prisoner. In accordance with the rule, Broadbent removed Howard from his job. Howard also received a conduct report for a violating a prison regulation against loitering.

In his complaint, Howard identified a White prisoner by name, and he alleged that the prisoner was also supervised by Broadbent, that the prisoner received a conduct report, and that Broadbent did not remove the prisoner from his job. Broadbent acknowledges this prisoner in his proposed findings of fact. The prisoner received a conduct report for telling an officer that he would not fill water jugs because it was outside his job duties. Broadbent says that he did not remove the prisoner from his job because Broadbent perceived the prisoner's conduct to be a misunderstanding about job duties, and not a serious offense. He denies that he considered Howard's or the other prisoner's race in either decision.

Howard and the White prisoner committed different offenses. Broadbent has explained why he viewed Howard's offense as more serious, and he cited a prison rule that made job removal mandatory for prisoners who loiter. In the context of employment discrimination claims, courts routinely hold that different discipline of different employees doesn't support a discrimination claim if the employees engaged in a different type of misconduct. *See, e.g.*, *Tate v. Ancell*, 551 Fed. Appx. 877, 889 (7th Cir. 2014); *Harris v. Warrick County Sheriff's Dept.*, 666 F.3d 444, 449 (7th Cir. 2012); *Weber v. Universities Research Ass'n, Inc.*, 621 F.3d 589, 594–95 (7th Cir. 2010); *Kurtzhals v. Cnty. of Dunn*, No. 18-cv-247-jdp, 2019 WL 4721036, at *5 (W.D. Wis. Sept. 26, 2019). The same principle applies here, so I will grant Broadbent's motion for summary judgment.

ORDER

IT IS ORDERED that Anthony Broadbent's motion for summary judgment, Dkt. 22, is GRANTED. The clerk of court is directed to enter judgment in Broadbent's favor and close this case.

Entered February 22, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge